# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | **William T. Hart** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **11 C 2396** | **DATE** | **AUGUST 2, 2011** |
| **CASE TITLE** | **PAULINO ISRAEL A. ARANDA v. MARIBEL GONZALEZ ALCARAZ** | | |

**DOCKET ENTRY TEXT**

Respondent's motions for appointment of a guardian *ad litem* [28] and for referral to the magistrate judge [29] are granted. The Cook County Public Guardian is appointed as guardian *ad litem* for the three minors involved in this case. This case is referred to Magistrate Judge Nolan to conduct a prompt settlement conference.

■[ For further details see text below.]

Notices mailed by Judicial staff.
Copy to Magistrate Judge Nolan.

## STATEMENT

Petitioner Paulino Aranda has petitioned to have three of his children returned to Mexico. The children are presently living in Chicago with their mother, respondent Maribel Alcaraz. The three boys were born in December 1998, June 2005, and February 2007, meaning they are presently 12, 6, and 4 years old. Petitioner relies on the International Child Abduction Remedies Act ("ICARA"), which is codified at 42 U.S.C. §§ 11601-11. The burden is on petitioner to "establish by a preponderance of the evidence" that each "child has been wrongfully removed or retained within the meaning of the Convention [on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980]." 42 U.S.C. § 11603(e)(1)(A). The burden is on respondent to establish "by clear and convincing evidence that one of the exceptions set forth in article 13b or 20 of the Convention applies" or "by a preponderance of the evidence that any other exception set forth in article 12 or 13 of the Convention applies." *Id.* §§ 11603(e)(2)(A)-(B). The parties agree that the merits of any underlying custody dispute are not at issue. The issue is whether respondent wrongfully removed each child and, if so, whether any defense applies. Respondent asserts that the "settled in a new environment" exception contained in Article 12 of the Convention may apply. She also asserts that, at least as to the eldest child, the Article 13 exception that a child of sufficient maturity objects to the return may apply.

Respondent has moved for the appointment of a guardian *ad litem* for each of the children. She also moves that the case be referred to the assigned magistrate judge for mediation. Petitioner opposes the latter motion on the ground that it would delay these proceedings, which are to be expeditious. Petitioner does not oppose appointing a guardian for the eldest child, but contends the appointment should be narrowly confined to the limited issues appropriate for an ICARA proceeding.

It is true, as petitioner contends, that the issues before the court are somewhat narrow and the

## STATEMENT

actual merits of any custody dispute are not before the court. However, the appointment of a guardian will not be limited to the eldest child nor will the limits of the appointment be expressly stated. The guardian is to represent the interests of the child and may present any facts, arguments, or recommendations that may appropriately be considered under ICARA, regardless of whether the facts are within the personal knowledge of the particular child. In considering any such presentation, the court will determine what facts and arguments are pertinent under the applicable law. Respondent represents that the Cook County Public Guardian is willing to accept the appointment.[1] It will be left to the Guardian's Office to determine whether one guardian can act on behalf of all children or whether it will be necessary to have multiple guardians.

     As to mediation, there is a significant chance that mediation could expedite resolution of this case. And even if the parties cannot resolve this case by agreement, engaging in mediation will not necessarily delay resolution of the case. Moreover, while custody is not itself at issue in this case, in mediation, the parties may be able to resolve both the issues in this case and related issues of custody, thereby best serving all the interests of both the parents and the children. The case will be referred for a settlement conference with the assigned magistrate judge. The parties should cooperate so that the settlement conference may be promptly held, including promptly contacting the magistrate judge's chambers to arrange for a date.

     IT IS THEREFORE ORDERED that respondent's motions for appointment of a guardian *ad litem* [28] and for referral to the magistrate judge [29] are granted. The Cook County Public Guardian is appointed as guardian *ad litem* for the three minors involved in this case. This case is referred to Magistrate Judge Nolan to conduct a prompt settlement conference.

---

1. Counsel for respondent shall ensure that the appropriate person at the Public Guardian's Office is provided with a copy of today's ruling and copies of the petition and other pertinent pleadings from this case.